IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ESTELLA CURRY, ) |  |
| ) |  |
| Petitioner, ) |  |
| ) |  |
| vs. ) | CIV. ACT. NO. 1:20-cv-591-TFM-MU |
| ) |  |
| DEIDRA WRIGHT, Warden, ) |  |
| ) |  |
| Respondent. ) |  |

**MEMORANDUM OPINION AND ORDER**

On January 31, 2024, the Magistrate Judge issued a Report and Recommendation which recommends Petitioner's habeas claims be denied without an evidentiary hearing and that she be granted a certificate of appealability as to three specific issues. *See* Doc. 50. Petitioner timely filed her objections (Doc. 51) and Respondent timely responded to the objections (Doc. 52). The Report and Recommendation and underlying habeas petition are ripe for review.

**I.   DISCUSSION AND ANALYSIS**

Petitioner Curry makes six (6) specific objections to the Report and Recommendation which the Court will address in turn.

**A.   Curry objects to her petition being denied without an evidentiary hearing.**

Curry objects to her petition being denied without an evidentiary hearing and says the Court should "order an evidentiary hearing to evaluate *de novo* Petitioner's ten claims and the new evidence presented in her filings". Doc. 51 at 2. Curry's position is not supported by statute or applicable case law.

28 U.S.C. § 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the

applicant shows that—

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In interpreting Section 2254(e)(2), the Supreme Court has explained:

If a prisoner "failed to develop the factual basis of a claim in State court proceedings," a federal court may admit new evidence, but only in two quite limited situations. § 2254(e)(2). Either the claim must rely on a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by this Court, or it must rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence." § 2254(e)(2)(A). And even if a prisoner can satisfy one of those two exceptions, he must also show that the desired evidence would demonstrate, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the charged crime. § 2254(e)(2)(B).

*Shoop v. Twyford*, 596 U.S. 811, 819 (2022).

Curry does not argue that her claims are based on a new rule of constitutional law, or that the factual predicate she aims to prove "could not have been previously discovered through the exercise of due diligence." To the contrary, the "new evidence" Curry offers—declarations relating to her nature and level of intoxication, her speed, and her medical history—existed when she was tried in 2017. Furthermore, for the reasons explained in the Report and Recommendation, the proposed "new evidence" would not change the Court's opinion about whether there was sufficient evidence for the jury to convict Curry of reckless murder. Doc. 50 at 33-36. Accordingly, Curry has not satisfied § 2254(e)(2).

Even if Curry could satisfy § 2254(e)(2), it would still be within this Court's discretion whether or not to grant an evidentiary hearing. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). "[W]here there is no § 2254(e)(2) bar, '[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro*, 550 U.S. at 474). No evidentiary hearing is required "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Allen*, 611 F.3d at 745 (quoting *Boyd v. Allen*, 592 F.3d 1274, 1305 (11th Cir. 2010); *Schriro*, 550 U.S. at 474). AEDPA's deferential standards must be considered when deciding whether an evidentiary hearing is appropriate. *Id*. at 745 (quoting *Schriro*, 545 U.S. at 474).

As explained in the Report and Recommendation, Curry's claims are procedurally defaulted and/or fail on the merits, and no evidentiary hearing would change that. The Report and Recommendation explains in great detail why Curry's proposed "new evidence" does not change the Court's opinion of her claims (Doc. 50 at 33-36) and the Court adopts that reasoning as its own. Curry's objection is overruled.

**B.     Curry reasserts that "cause and prejudice" and/or a "fundamental miscarriage of justice" warrant reviewing Claims 1-5 and 8-10 on the merits.**

Curry's second objection contends, as Curry has throughout these habeas proceedings, that Claims 1-5 and 8-10 should be spared from procedural default because she has shown "cause and prejudice" for the default and/or that a "fundamental miscarriage of justice" will occur if her claims are defaulted. Doc. 51 at 3. For the reasons explained below, the Court overrules Curry's objection and adopts the Magistrate Judge's analysis as to these issues.

First, Curry's objection insists that the *Martinez/Trevino* exception saves her ineffective-

assistance-of-trial-counsel claims (Claims 1-3 and Claim 5) from procedural default. Doc. 51 at 11-17. Curry's reading of *Martinez* is vastly different from the Court's review of the case.

Backing up a step, it is well-settled that a federal habeas court generally may only consider a federal claim that has first been presented to the state court. There is no dispute that Curry's ineffective-assistance-of-trial-counsel (IATC) claims were never made in state court, not on direct appeal and not on postconviction review. Accordingly, she must demonstrate some legal basis to excuse this procedural default. She places blame on her postconviction counsel. Doc. 51 at 12. Unfortunately, this is not enough to spare her claims under current Supreme Court law.

In *Martinez*, the Supreme Court "explained that ineffective assistance of postconviction counsel is 'cause' to forgive procedural default of an ineffective-assistance-of-trial-counsel claim, but <u>only if the State required the prisoner to raise that claim for the first time during state postconviction proceedings</u>." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)) (emphasis added). The Supreme Court expanded *Martinez* in *Trevino v. Thaler*, 569 U.S. 413 (2013), to cases where "the State's judicial system effectively forecloses direct review of trial-ineffective-assistance claims." *Shinn*, 596 U.S at 380 (citing *Trevino*, 569 U.S. at 428). Alabama's does not. Curry's IATC claims could have been raised on direct appeal in the Alabama state court, but her appellate lawyer missed them or opted not to bring them. And then her postconviction counsel did too. There is nothing in the record explaining why Curry's appellate or postconviction attorneys did not pursue any IATC claims in state court. But, frustratingly for Curry, there is no established Supreme Court law that extends *Martinez*/*Trevino* to instances other than those stated, even if a prisoner has suffered multiple layers of ineffective assistance of counsel. In fact, the limited nature of the *Martinez*/*Trevino* exception was demonstrated in *Davila v. Davis*, 582 U.S. 521, 524 (2017), a later case where the Supreme Court had an opportunity to

expand *Martinez/Trevino* to excuse defaulted claims of ineffective assistance of *appellate counsel* based on ineffective postconviction counsel, but they declined to do so. As this Court sees it, *Davila* only reinforces that *Martinez/Trevino* is a limited exception that should only be applied as instructed by the Supreme Court. In other words, this Court is without authority to extend *Martinez/Trevino*, despite how understanding it might be of Curry's circumstances.

Curry relies on an unpublished opinion from the Eleventh Circuit, *Duffy v. Sec'y, Dep't of Corr.*, 729 F. App'x 669 (11th Cir. 2018), to argue that the *Martinez* exception is broader than it is. As Curry correctly notes, *Duffy* said:

> Under *Martinez*, a prisoner may establish cause for the default of a claim of ineffective assistance of trial counsel by showing that: (1) post-conviction counsel was ineffective under the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and (2) the defaulted claim is a "substantial one," which means that the prisoner must show that "the claim has some merit." *Martinez*, 566 U.S. at 14, 132 S.Ct. 1309.

*Id*. at 670. But that is not all that *Martinez* requires. The very same paragraph of *Martinez* that *Duffy* cites (and Curry relies on) acknowledges that defaults of IATC claims may be excused in two circumstances that occur "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding." *Martinez*, 566 U.S. at 14.

Curry tries to expand *Martinez/Trevino* by suggesting that Alabama has a "state procedure that allows for the appointment of ineffective assistance of counsel," and that this supposed "procedure" means that it was virtually impossible for her to bring her IATC claims on postconviction review. Doc. 51 at 15. The Court finds this argument unpersuasive. Even more, both Curry's appellate counsel and her postconviction counsel, whose alleged ineffectiveness is the basis for Curry's *Martinez/Trevino* argument, were retained—not appointed—further undermining this argument.

In sum, current Supreme Court law does not provide a remedy to spare Curry's procedural

default, even if she did receive ineffective assistance of counsel throughout her state proceedings. Curry's objection to this portion of the Report and Recommendation is overruled.[1]

Curry's objection also reasserts that she is actually innocent and argues that her claims should be saved from procedural default for this reason too. Doc. 51 at 25. The Report and Recommendation addressed this issue thoroughly, and Curry has not convinced the Court to reject that analysis. Doc. 50 at 31-36. The Court does, however, write to one argument Curry raised again in her objection—that at the time of the crash she may have been suffering from an unanticipated toxicity of her medications. This appears to be an entirely new theory, developed even after Curry filed her habeas petition. In the Court's view, this new theory does not qualify as "new evidence" establishing Curry's actual innocence. Furthermore, the opinions in Dr. Cox's declarations seem speculative. Doc. 17-1 at 14-15 (Curry's medications "*can* have a cumulative effect" and "*can* lead to anticholinergic toxicity or syndrome"). The Court agrees with the Magistrate Judge's conclusion that Curry has not established her actual innocence as required to save her claims from procedural default. Curry's objection on this point is overruled.

C.  **Curry objects to the Magistrate Judge's conclusion that Claims 6 and 7 fail on their merits.**

Curry's third objection takes issue with the Magistrate Judge's recommendation that Claim 6 (the Insufficiency Claim) and Claim 7 (the Self-Representation Claim) be dismissed on the merits. She maintains that her "clear and convincing evidence" shows that (1) false evidence was used to indict, convict, and sentence her and (2) that she "clearly and unequivocally" asserted her

---

[1] Going back to Curry's first objection, the Court also would be prohibited from granting an evidentiary hearing on Curry's IATC claims, even if they could be saved by *Martinez*/*Trevino*, because her postconviction counsel failed to develop those claims in state court. *See Shinn v. Ramirez*, 596 U.S. 366, 383 (2022) (because there is no constitutional right to state postconviction counsel, a state prisoner is responsible for postconviction counsel's negligent failure to develop the state postconviction record).

right to self-representation at least five months before trial. Doc. 51 at 3. The Court addresses each argument below.

### i.    Curry maintains that her Insufficiency Claim should be granted because false information was used to indict, convict, and sentence her.

Curry objects to the recommended dismissal of Claim 6—the Insufficiency Claim— because, she says, the evidence proves the State purposely used false evidence to charge, try, and convict her. Doc. 51 at 3. More specifically, Curry contends, like she did in her habeas petition, that the State wrongfully charged her with operating her vehicle at a high rate of speed while under the influence of "controlled substances" when she says she was not technically on "controlled substances". The Magistrate Judge thoroughly analyzed this issue in the Report and Recommendation, concluding that there was sufficient evidence to support Curry's conviction, regardless of whether any of the several medications present in Curry's system are on the state or federal "controlled substances" lists. Doc. 50 at 34-36, 40.

This Court agrees with the Magistrate Judge's analysis and adopts it here. Antidepressants and muscle relaxers, which Curry does not dispute she consumed along with other potentially impairing medications like antihistamines, are prescription medications. And, while they may not be on the state or federal "controlled substances" list as Curry argues, these medications are nevertheless subject to restricted access. Furthermore, there is ample evidence that Curry voluntarily took these substances, that she was impaired, and that she was driving at an extremely high rate of speed. Whether her medications were technically "controlled substances" or not does not change the weight of the evidence the jury heard about Curry's impairment and excessive speed. This was enough to support Curry's conviction. *See Allen v. State*, 611 So. 2d 1188 (Ala. Crim. App. 1992) (discussing cases where intoxication and consequent dangerous driving was enough to sustain a reckless murder conviction).

Curry's reliance on *Watson v. State*, 504 So. 2d 339 (Ala. Crim. App. 1986), is unconvincing. In *Watson*, the defendant had a history of mental illness, ingested prescription medication, drove her automobile, and struck and killed a child. She was convicted of reckless murder under Ala. Code § 13A-6-2(a)(2), the same statute involved in Curry's case. The Alabama Court of Criminal Appeals (ACCA) reversed and remanded Watson's case for a new trial, finding the evidence insufficient to support a reckless murder conviction. In the ACCA's view, the evidence did not prove that Watson intended to hit the victim or that she appreciated the likelihood of hitting the victim or any other person. *Id*. at 347.

While Curry is correct that *Watson* is factually similar to her case, she ignores that *Watson* was decided in 1986, almost forty years ago, and that more recent Alabama caselaw criticizes *Watson*. *See Ruiz v. State*, 352 So. 3d 1197, 1208 (Ala. Crim. App. 2021) (declining to rely on *Watson* and noting that *Watson* arose from another insufficiency case, *Langford v. State*, 354 So. 2d 313 (Ala. 1977), which involved a different statute and "was decided in 1977, long before the extensive public awareness programs targeting the dangers of driving while intoxicated"). In short, Curry's cite to *Watson* does not overcome the sizeable body of caselaw upholding reckless murder convictions for impaired and reckless driving.

Curry also relies on *Miller v. Pate*, 386 U.S. 1 (1967), but that case is distinguishable too. In *Miller*, the prosecution presented the jury with what it said were the defendant's "blood-stained shorts" when, in fact, the prosecution knew the stains on the shorts were brown paint, not blood. Undeniably, this was false evidence. Curry's case is different. In Curry's case, the prosecutor arguably put improper emphasis on Curry's rapid drug screen testing positive for opiates, but there is no indication that evidence was false or that the prosecution presented the rapid drug screen as something it was not.

The Court is inclined to agree that the prosecutor disproportionately focused on Curry's rapid drug screen being positive for opiates when her formal toxicology results were negative for them. *See* Doc. 51 at 5 (citing to trial transcript). Yet, this is not enough for Curry's Insufficiency Claim to have merit. Ultimately, the evidence was sufficient for the jury to conclude Curry was acting recklessly when she ingested a cocktail of medications, got behind the wheel of her car, and drove somewhere around at least 100 mph. Furthermore, the medical records admitted into evidence stated that the rapid drug screen was "not intended for legal use" and that a "preliminary POSITIVE test result … does not indicate the level of intoxication." Doc. 12-6 at 66. The jury had this information and could weigh it against the State's toxicology report (showing no opiates) and testimony from the State's toxicology expert that Curry did *not* test positive for opiates. Doc. 12-4 at 170; Doc. 12-6 at 97. The Court also finds it notable that Curry's proposed new medical expert, Dr. Cox, acknowledges Curry had been prescribed codeine, an opiate, prior to the accident. While it is unclear if the State or Curry's defense counsel knew this information at trial, it nevertheless casts doubt on Curry's persistence that there was no factual basis for the State to claim she had opiates in her system. *See* Doc. 17-1 at 9-10. Curry's objection to dismissing Claim 6 is overruled.

ii. **Curry contends her Self-Representation Claim should be granted because she clearly and unequivocally asserted her right to self-representation at least five months before trial.**

Curry also objects to the recommended dismissal of Claim 7—the Self-Representation Claim. Doc. 51 at 3, 32. In support of her objection, Curry offers what she says is "an excerpt from the January 31, 2017 hearing" that demonstrates she "clearly and unequivocally" told the trial judge she wanted to represent herself at least five months before trial. Doc. 51 at 32. The Court has not been able to locate any January 2017 hearing transcripts in the record, nor does the Court see that this hearing was ever raised in the Alabama state courts in support of Curry's Self-

Representation Claim.[2] Curry never mentioned this January 2017 hearing in her 2-paragraph argument in her habeas petition about self-representation, or in her reply brief, or in supplemental materials she filed after briefing was complete. Doc. 1 at 38-39; Doc. 17; Doc. 29. She may not raise these new facts for the first time in objection to the Report and Recommendation. Curry's objection based on allegations not properly before the Court is overruled.

**D.** **Curry argues she should be granted a Certificate of Appealability on *all* of her habeas claims, not just the three issues suggested in the Report and Recommendation.**

Curry argues that all ten claims in her habeas petition should be certified for appeal, even the eight claims the Magistrate Judge concluded were procedurally defaulted. Doc. 51 at 3. The Court disagrees.

Claims 1-5 and Claims 8-10 are procedurally defaulted for the reasons outlined in the Report and Recommendation. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the Court's view, Curry has not shown that "jurists of reason" would find its conclusions "debatable". Curry's objection on this point is overruled.

**E.** **Curry objects to how appealable issues 2 and 3 are phrased in the Report and Recommendation.**

For her final two objections, Curry disputes how the Magistrate Judge phrased appealable

---

[2] Peculiarly, Curry does not cite to this Court's record either. Instead, she cites to "Curry 1-31-17 Transcript at 5", a different form entirely from how she cites to the transcript of a June 2017 hearing that *is* in this Court's record. *Compare* Doc. 51 at 32 (citation to January 2017 hearing transcript) *with* Doc. 51 at 33 (citation to June 2018 hearing transcript). This supports the Court's understanding that the January 2017 hearing transcript is not before the Court.

issues 2 and 3 in the Report and Recommendation. She says the Court should phrase her appealable issues like this instead:

> <u>Issue 2</u>: Whether Curry "clearly and unequivocally asserted her right to self-representation at least five months before trial, and she was forced on the evening before her trial to "choose" either (i) to be represented by counsel who never prepared to defend her or (ii) to represent herself in her trial for murder—an impossible situation which was unconstitutionally forced upon her—denying her 6th Amendment right to a fair trial and due process."
>
> <u>Issue 3</u>: Whether Curry "was denied a fair trial and due process due to the knowing use of false evidence to support an indictment for reckless murder that directly resulted in her subsequent conviction and over sentencing"?

Doc. 51 at 3.

The Court does not find Curry's proposed language appropriate. 28 U.S.C. § 2253(c) requires that a certificate of appealability "shall indicate which specific issue or issues satisfy the [substantial showing of the denial of a constitutional right]." 28 U.S.C. § 2253(c)(2)-(3). Curry has not offered any legal authority, and this Court is not aware of any, suggesting that § 2253(c) requires the level of detail Curry demands. To the contrary, the Court finds that Curry's proposed language contains factual assumptions and legal argument that go beyond simply indicating the issues for appeal. Curry's objections on this point are overruled.

## II.  CONCLUSION

Therefore, after due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Petitioner's objections are **OVERRULED** and the Report and Recommendation of the Magistrate Judge (Doc. 50) is **ADOPTED** as the opinion of this Court.  Accordingly, it is **ORDERED** that Estella Curry's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED with prejudice** as unexhausted, procedurally defaulted, and/or lacking merit for the reasons explained in the Report and Recommendation and this Order.  Additionally, Petitioner's

request for an evidentiary hearing is **DENIED**. Finally, the Court determines that Petitioner is entitled to a Certificate of Appealability on the issues set forth in the Report and Recommendation.

The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 14th day of March, 2024.

>  /s/Terry F. Moorer
>  TERRY F. MOORER
>  UNITED STATES DISTRICT JUDGE