IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ESTELLA CURRY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:20-cv-591-TFM-MU |
| | ) |
| **DEIDRA WRIGHT, Warden,** | ) |
| | ) |
| Respondent. | ) |

### JUDGMENT AND CERTIFICATE OF APPEALABILITY

In accordance with the Memorandum Opinion and Order entered on this same date, it is **ORDERED, ADJUDGED, and DECREED** that Estella Curry's Petition for Writ of Habeas Corpus by Prisoner in State Custody filed pursuant to 28 U.S.C. § 2254 is **DENIED** in its entirety and **DISMISSED with prejudice**. Further the Court determines that Petitioner is entitled to a Certificate of Appealability on the following issues:

1. Does Curry qualify for the *Martinez* exception to establish cause for the procedural default of her ineffective-assistance-of-trial-counsel claims?

2. Was the Alabama courts' ruling that Curry never made a clear and unequivocal request for self-representation based on an unreasonable determination of facts in light of the evidence?

3. Was Curry's conviction for reckless murder based on insufficient evidence when the indictment and the jury instructions alleged that Curry was under the influence of "controlled substances" at the time of the offense, but the evidence at trial suggested she was under the influence of prescription medications that were not technically "controlled substances"?

Petitioner is not entitled to a Certificate of Appealability on any other grounds.

The Clerk of Court is **DIRECTED** to enter this document on the civil docket as a Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this 14th day of March, 2024.

> /s/Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE